# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDRE HAMMONDS,<br>AIS 173084, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | CA 16-0213-KD-MU |
| | : | |
| WALTER T. MYERS, | : | |
| | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATION

Andre Hammonds, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed as time-barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations period contained in 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

Hammonds was convicted of first degree burglary, first degree rape, and first degree sodomy in the Circuit Court of Houston County, Alabama on August 25, 1998, and was sentenced to 30 years imprisonment for the first degree burglary conviction, 50 years imprisonment for the first degree rape conviction, and 30 years imprisonment for the first degree sodomy conviction, to be served consecutively, on September 11, 1998. (Docs. 1-1 at p. 1; 7-15 at pp. 3-4; 7-16 at pp. 3-4; 7-17 at pp. 3-4). Hammonds

appealed his convictions to the Alabama Court of Criminal Appeals on October 6, 1998. (Docs. 7-15 at 2; 7-16 at 2; 7-17 at 2). The Alabama Court of Criminal Appeals affirmed his convictions and sentences on June 18, 1999, in an unpublished memorandum opinion. (Doc. 7-3). Petitioner filed an application for rehearing in the Alabama Court of Criminal Appeals on July 2, 1999, and the application was overruled with no opinion on July 16, 1999. (Doc. 7-1 at p. 2). On February 25, 2000, the Alabama Supreme Court denied his petition for certiorari and a certificate of judgment was entered. (Doc. 7-4 at 2; Doc. 7-5 at p. 4).

Hammonds executed his first Rule 32 petition on March 2, 2002, and filed it in the Circuit Court of Houston County on May 9, 2002. (Doc. 7-5 at p. 27). In that petition, he challenged only his burglary conviction on the ground that the indictment was defective. (Doc. 7-5 at pp. 13-15). On May 28, 2002, the Circuit Court dismissed the petition as untimely. (Doc. 7-5 at p. 27). The Alabama Court of Criminal Appeals found that the burglary indictment was not defective and that his petition was properly dismissed because it "was obviously without merit." (Doc. 7-6 at p. 3). The Court of Criminal Appeals did not address the timeliness issue. (Doc. 7-6 at p. 4). There is no record of Hammonds petitioning the Alabama Supreme Court for review. A certificate of judgment was issued by the Court of Criminal Appeals on September 10, 2002. (Doc. 7-7 at p. 2).

Hammonds executed his second Rule 32 petition on May 13, 2003, and it was filed in the Circuit Court of Houston County on June 11, 2003. (Doc. 7-8 at p. 4). Hammonds based his petition on allegations that he had newly discovered facts relating to the admissibility of DNA at his trial. (Doc. 7-8 at pp. 13-17). The Circuit Court

dismissed his petition on June 11, 2003, finding that the issues could have been raised on appeal and that the petition was successive. (Doc. 7-8 at p. 23). Hammonds appealed the Circuit Court's dismissal to the Alabama Court of Criminal Appeals on June 30, 2003. (Doc. 7-8 at p. 24). The Court of Criminal Appeals affirmed the trial court on the grounds that the petition was not timely presented and the DNA issue could not be construed as newly discovered evidence. (Doc. 7-9 at p. 4). On April 16, 2004, the Alabama Supreme Court denied his petition for a writ of certiorari. (Doc. 7-10 at p. 2).

Hammonds filed a third Rule 32 petition in the trial court asserting that because his three convictions arose from the same set of facts, his convictions violated the Double Jeopardy Clause of the United States Constitution. (Doc. 7-11 at pp. 2-3). The trial court summarily dismissed the petition on the grounds that it was successive and time-barred, and the Court of Criminal Appeals, on November 19, 2004, agreed that his petition was time-barred. (Doc. 7-11 at p. 3). The Court of Criminal Appeals entered a certificate of judgment on December 8, 2004. (Doc. 7-12 at p. 2). Hammonds filed his fourth and final Rule 32 petition in the trial court on May 2, 2005, alleging that the trial court lacked jurisdiction to impose the sentences and that the sentences were illegal because they should have run concurrently. (Doc. 7-13 at p. 3). The Circuit Court summarily denied the petition on May 12, 2005. (*Id*.). On September 16, 2005, the Court of Criminal Appeals affirmed the Circuit Court, finding that the claim was without merit, and it issued a certificate of judgment on October 5, 2005. (Doc. 7-13 at p. 4; Doc. 7-14 at p. 2).

On May 12, 2016, more than eleven years after the filing of his final Rule 32 petition, Hammonds filed the instant federal habeas corpus petition in this Court. (Doc. 1). This is his first § 2254 petition challenging his 1998 convictions and sentences. (Doc. 1 at p. 9).

## PETITIONER'S CLAIMS

In his petition, Hammonds vaguely raises several claims. First, Hammonds claims that the trial court's sentences of 30 years for the burglary, 50 years for the rape, and 30 years for the sodomy and the ruling that they are to run consecutively are in violation of an Alabama state statute because all three offenses arose from a single act. (Doc. 1-1 at pp. 2-3). Hammonds does not claim that his sentences violated the United States Constitution or any federal statute on this ground.[1] Hammonds also claims that the trial judge, the district attorney, and a police officer conspired to take him "off the streets" and that this conspiracy, which lead to his convictions, violated the 6th, 8th, and 14th amendments to the United States Constitution and his rights to equal protection and due process. (Doc. 1-1 at pp. 6-7). Hammonds seems to base his claim of conspiracy on the fact that DNA tests were not performed until six years after his DNA was collected. (Doc. 1-1 at p. 2).

Hammonds contends that the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his habeas corpus petition because of statutory and equitable tolling. He claims that his petition is subject to statutory tolling because he filed several Rule 32 petitions. (Doc. 1-1 at p. 1). He claims that it is subject to equitable

---

[1] In his third Rule 32 petition, Hammonds had alleged that his sentences violated the Double Jeopardy clause of the United States Constitution, but he did not make that assertion in the instant petition.

4

tolling because he has diligently been pursuing his rights, there were "very, very extraordinary circumstances that prevented him from filing his petition at "the right time," and a failure to review his claim would result in a miscarriage of justice because he is actually innocent. (*Id.*).

## CONCLUSIONS OF LAW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), the timeliness of a petitioner's habeas petition must be calculated based upon the date on which his conviction becomes final "by the conclusion of direct review or the expiration of time for seeking such review[.]" On direct appeal, the Alabama Court of Criminal Appeals affirmed Hammonds's convictions and sentences on June 18, 1999, in an unpublished memorandum opinion. *Hammonds v. State*, 768 So. 2d 1024 (Ala. Cr. App. 1999) (Table). He filed an application for rehearing in the Alabama Court of Criminal Appeals on July 2, 1999, and the application was overruled with no opinion on July 16, 1999. (Doc. 7-1 at p. 2). On February 25, 2000, the Alabama Supreme Court denied his petition for certiorari and a certificate of judgment was entered on that same date. (Doc. 7-4 at 2; Doc. 7-5 at p. 4). Hammonds did not petition the Supreme Court of the United States; therefore, his limitations period under §2244(d)(1)(A) began to run on May 25, 2000, 90 days after entry of the judgment. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that when § 2254 petitioner is entitled to file a petition for a writ of certiorari in the United States Supreme Court within 90 days after entry of judgment by the state's highest court, the statute of limitations under § 2244(d) does not begin to run until the 90-day window has expired). Thus, the limitations period expired on May 25, 2001, almost fifteen years to the day before Hammonds filed the instant habeas corpus petition. His § 2254 petition in this Court is, thus, not timely under § 2244 (d)(1).

Hammonds makes two arguments that his § 2254 petition was, however, timely filed. First, he argues that, pursuant to § 2244(d)(2), the one-year limitations period was tolled because he filed multiple Rule 32 petitions seeking review of his convictions and

sentences. (Doc. 1 at p. 12). In the alternative, he argues that his § 2254 petition is timely based on the doctrine of equitable tolling. (Doc. 1 at p. 12).

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Hammonds contends that the mere fact that he filed "(2) or (3) Rule 32 Petitions" is enough to have satisfied the tolling provision of § 2244(d)(2). He is incorrect. The limitations period for Hammonds to file a petition under § 2254 expired on May 25, 2001. Hammonds did not file his first Rule 32 petition in the trial court until March 2, 2002. He "is unable to take advantage of the tolling provision built into § 2244(d) … because he filed his Rule 32 state collateral attack on his conviction and sentence following the expiration of the limitations period." *Coker v. Mitchem*, CA 09-0766-CG-C, 2010 WL 1486965, at * 6 (S.D. Ala. Mar. 11 2010) (internal citations omitted); *see also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (holding that Rule 32 cannot toll the one-year limitations period if that period expired prior to filing of the motion).

Accordingly, the only avenue by which this Court can consider the merits of the instant § 2254 petition is by finding that Hammonds is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence of the crimes for which he was convicted by a jury of his peers in 1998. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows

'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec'y for the Dep't of Corr.*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted).

"Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient.").

Hammonds has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence

8

counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). He does not argue that he was ignorant of the one-year limitations period (*see* Doc. 1 at p. 13), presumably because he realizes that this argument would be futile. *Moore v. Frazier,* 605 F. App'x 863, 868 (11th Cir. 2015) ("We have stated that '*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations.' . . . And we have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion."); *Terry v. Hurley,* 2014 WL 1660708, at *2 (M.D. Ala. Mar. 10, 2014) ("[I]t is well settled that an inmate's lack of legal knowledge, the denial of access to a law library, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.").

As to the assertion made by Hammonds that he "has been pursuing his rights diligently in this case," the Court finds that his conclusory and bare allegation of due diligence is unavailing because it simply does not warrant tolling the statute of limitations for a fifteen-year period. *See Diaz,* 362 F.3d at 702 ("In this case, Diaz cannot show due diligence. After waiting 258 days to file his initial federal habeas petition, he waited another 274 days before filing his second federal petition after his motion for rehearing of his state habeas petition was denied. Without considering the time that the initial federal habeas petition was pending or the time that the state collateral proceedings were pending, the two foregoing delays total 532 days, exceeding Diaz's one-year time limitation by 167 days. Diaz offers no excuse for this

9

delay. Thus, this delay alone constitutes a lack of due diligence and disentitles Diaz to equitable tolling.") (internal footnotes omitted). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.), *cert. denied sub nom. San Martin v. Tucker*, 565 U.S. 843 (2011).

The Court also finds that nothing presented by Hammonds demonstrates the presence of "extraordinary circumstances" to warrant an equitable tolling of the limitations period. "As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in *Holland*, [the Eleventh Circuit] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin*, 633 F.3d at 1267 (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). Here, Hammonds's allegation that there were "some very, very extraordinary circumstances that stood in [his] way and prevented [him] from filing said petition on the right time" does not meet such a showing. Hammonds asserts that an alleged "conspiracy" between the trial judge, the district attorney, and a police officer to take him "off the street" by delaying the testing of his DNA sample for six years somehow constituted extraordinary circumstances that prevented him from filing the instant petition almost fifteen years out of time. Hammonds simply has not shown a causal connection between what he alleges as an extraordinary circumstance, this so-called conspiracy (that allegedly occurred sometime between 1991 and 1998), and the late filing of the instant petition in 2016. Hammonds knew that his DNA that was collected in 1991 was not tested until 1997 because there was extensive testimony

about the DNA collection, storing and testing at his trial.[2] (Doc. 7-1 at pp. 189-322; Doc. 7-2 at pp. 2-98).

In the section of his petition entitled "Argument in Support of Extraordinary Circumstances," Hammonds also included a paragraph outlining his argument that his sentences violated state law. (Doc. 1-1 at p. 3). Clearly, those arguments do not constitute extraordinary circumstances that would justify a fifteen-year delay in filing the instant petition, especially considering the fact that these arguments were raised in his third and fourth Rule 32 Petitions that were filed more than ten years ago. (Doc. 7-11 at pp. 2-3; Doc. 7-13 at pp. 2-3). This Court concludes that Hammond has shown no causal connection between his assertions of "extraordinary circumstances" and the extraordinarily late filing of the instant federal habeas corpus petition.

Finally, a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See San Martin*, 633 F.3d at 1268 ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."). Although he has claimed actual innocence, Hammonds has not shown that he is entitled to have the untimeliness of his § 2254 petition excused based on actual innocence. (Doc. 1-1 at p. 3). In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court specifically held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." However, the Supreme Court also notably cautioned that "tenable actual-

---

[2] The DNA was tested in 1997 because of new developments in DNA technology that were not available in 1991. See Doc. 7-1 at pp. 229-30.

11

innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Here, Hammonds appears to argue that he is actually innocent because if it had not been for his "all most twin brother[,] a reasonable juror would have not found Petitioner guilty beyond a reasonable doubt." (Doc. 1-1 at p. 3). Hammonds has offered no new evidence establishing his actual (factual) innocence of the crimes for which he was convicted. Evidence was adduced at trial that he and his brother are not twins and that his brother's biological samples excluded him as the assailant. (Doc. 7-1 at pp. 186-87; Doc. 7-2 at pp. 20-21). As noted above, the fact that Hammonds's DNA was collected in 1991 and not tested until 1997 was clearly before the jury because there was extensive testimony about the DNA collection, storing and testing at his trial. (Doc. 7-1 at pp. 189-322; Doc. 7-2 at pp. 2-98). His reliance on evidence that was presented at his trial, not on any "new evidence," refutes his argument that no reasonable juror would have found him guilty beyond a reasonable doubt. Thus, it is clear that petitioner cannot take advantage of the actual innocence gateway recognized in *McQuiggin*.

In short, this Court concludes that nothing other than his own lack of due diligence is responsible for Hammonds filing the instant petition out of time. This is not one of those rare cases in which principles of equitable tolling can save Hammonds from AEDPA's one-year limitations period, nor has he established his actual innocence of the offenses for which he was convicted by a jury of his peers. Thus, the undersigned

recommends that the §2254 petition filed by Hammonds on May 12, 2016, which challenges his 1998 convictions and sentences, be dismissed because it is time-barred.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Hammond should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to

invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## **CONCLUSION**

The undersigned Magistrate Judge recommends that the petition for writ of habeas corpus filed by Andre Hammonds, pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Hammonds is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **25th** day of **April, 2017**.

                                    s/P. BRADLEY MURRAY
                                    **UNITED STATES MAGISTRATE JUDGE**